The next case for argument is 22-1980, Sentius v. Apple. I think we're ready whenever you are, sir. Mr. Seth. Thank you, Your Honors. So the fundamental misjustice at the PTAB level is that you had two prior art references, which is Van Hoff and Rodkin, that only disclosed putting links in a database. They were basically point-to-point systems where you put the links in the database and then you associated the links with terms in a document, and then you retrieved the data from somewhere else and displayed it. The fundamental improvement of the 985 patent was to have the content for display in the database. This was actually a follow-on patent to an earlier patent family, the 720 patent family, which had specific ways of how you identified and displayed the content for display. Now, the error of the PTAB could be found on three pages of the final written decisions, page 15, page 40, and page 46, and I'm going to get into that error. One fundamental error was that the identified content of claims 1, 11, and 20, and the linked content of claims 21 and 36, the court construed them, or the PTAB construed them exactly the same way, and we proposed that they should have that same construction. Why is the error then, if you proposed it? Because the error was that we proposed that the identified content and the linked content is content for display. Okay, yeah. Right, is content for display. They did not find it to be content for display, and part of the reason that they did that was on a claim differentiation argument with regard to the phrase identified content. But the claim differentiation argument wasn't valid, because claim 1 is a process claim, and it's a method of identifying content, and the dependent claim that they were relying upon just added displaying the content, and they said that by adding the step of displaying the content, somehow the independent claim 1 wasn't, the identified content wasn't content for display. Right, but if I remember right, and correct me if I'm wrong, the board did not make what I'm just going to call informally a kind of strong form claim differentiation argument or analysis. It said this is one indication of why we don't find for display in claim 1. It's not one of those where you look at an independent claim and a dependent claim, and the dependent claim has exactly one change from the original, and so you say something that you have a direct inference about what's in claim 1. I thought the board's use of this was softer than that. I don't agree with that characterization, Your Honor, and that's because on the final written decision at page 15, it says that. I'm sorry, it's the word suggests that I think I'm remembering in the fifth line down from the bottom, sixth line down from the bottom. Suggests that there are examples of identified content that are never displayed. Yeah. Right, correct, but that was what was applied to conclude that the identified content was not content for display, and the additional error, it was that on the linked content term of claims 21 and 36, this claim differentiation argument was applied to even those even though there were no dependent claims off of. Well, claim 36 had no dependent claims. Claim 21 had dependent claims, but none of them. So where did the board do that? Can you tell us what you're talking about in the board's opinion? Is that on the same page of 815? No, Your Honor, that is on page 40 of the opinion. Just a second. Yeah, on page 40 of the opinion, as Apple clarified in reply, Apple's argument is that the URL hyperlink and what the hyperlink points to are equivalently the identified or linked content. And also in concluding that the, well, the conclusion was that the, on page 15, is that identified content and linked content have the same construction. Can I take you back to where you started, which I think is the essence of this, is you're assuming that display is required and the board said no. So why are you right and they wrong? So the entire patent is directed to content for display and the identification of content for display, which is stored in the database. And the point that we're making is adding a step to actually display the content doesn't all of a sudden take the content and make it not content for display. That is the essential point. In fact, if anything, the fact that there's a dependent claim that adds the step of displaying the content, if it indicates anything, it indicates that the content that's being identified is content for display. And then is being actually, you add the step of displaying it, which is not a step that's included in claim one. So in claim one, you're identifying the content for display. And then in the dependent claim, you're actually displaying the content. That is the fundamental point because the entire specification isn't about anything other than identifying the content for display and displaying it. And this patent's priority date is 2001? Correct. Correct. And the fundamental error of both excluding or misconstruing the content as not content for display was a significant error because that led to the conclusion that Van Hoff or a combination of Van Hoff and Roggin then invalidated the patent claims. And both of those references, and this is undisputed in the record, did not have any content for display stored in their databases. You could not combine them and result in having content for display in that database. There's no disclosure of that whatsoever. And yet they found that the patents were invalid because of this claim construction, erroneous claim construction, based on their express statement that the fact that there was a dependent claim in which admittedly and clearly added the step of displaying the content somehow made the content not content for display. So that's the fundamental problem in a nutshell. And we could not convince the PTAB of this, hoping we can convince you of this, because it would be an injustice for this patent, which is, by the way, how you get Red Squiggly Spellcheck, which you could never do with Van Hoff or Roggin, and just their links. That's how you get it. This was the fundamental shift, if you will, on this type of technology where you're linking content to terms in the document. Why don't we hear from the other side? Okay. May it please the court, Alyssa Barnardiani for Apple Inc. This court should affirm Centius' claim construction arguments, impermissibly import onto the independent claims limitations from the dependent claims and the preferred embodiment, and the board's finding of obviousness is supported by substantial evidence. I'll focus on the display limitation, which was the bulk of the presentation just now. I'd like to start with independent claims 21 and 36, reciting linked content. There's just no claim construction dispute with respect to those claims. They recite on their face linked content that, quote, is displayed. That's at Appendix 617. The board recognized that the linked content has to be displayed at Appendix 38 to 41. It found that limitation in those claims satisfied. Essentially, what Centius is quibbling over is that the board rooted the display limitation in claims 21 and 36 in the express statement that the content is displayed instead of as inherent in the word linked content, but fundamentally it doesn't matter because the board recognized that the claim has the display limitation present in it, and it found it satisfied. So there's just no claim construction dispute on those claims. With respect to independent claims 1, 11, and 20, reciting identified content, there's no basis in the claim language for importing a display limitation, and Centius implicitly conceded this to the board. It doesn't identify anything in those claims to justify the limitation. It jumps immediately to claims 37, 41, and 45, and what it argues is that the fact that content is displayed in the dependent claims means that it must be for display in the independent claims, and that's just fundamentally not how the relationship between dependent and independent claims works. They're not steps in a recipe or an instruction manual where for content to be displayed at step 27. I'm not sure I'm going to phrase this quite right. In a way, I think I just heard you make a more rigid framing of the other side's argument comparable to what I heard the other side do with respect to the board's argument. I don't think Centius's argument is essentially a claim differentiation argument based on the dependent claim 37 saying it is displayed and therefore it must be for display in the independent claim. I think his argument is that when you look at the patent as a whole, it's perfectly clear that the identified information has to be for display and that there is no negating of that in the way that he attributes, perhaps over-attributes to the board when the board points to 37. Two responses. First, I respectfully disagree with the characterization of the argument Centius is making, and I think it crystallizes in particularly in the reply brief, but also in its papers before the board. In pages 9 to 11 of the reply brief, I think crystallized the point, which is that they are explicitly relying on the presence of the display limitation 37, 41, and 45, the fact that content is displayed in those claims to support the notion that they have to be for display. I don't disagree with that, but that's not the same thing as saying because claim 37 says is displayed, full stop, I've now finished my reasons for the conclusion I'm about to draw, which is that the independent claim must have an implicit for display requirement. I think that's exactly what Centius is saying at 9 to 11, but the second point I think that they are also pointing to the preferred embodiment overall as supporting its claim construction that the preferred embodiment involves content for display. Of course, the fact that the preferred embodiment has particular characteristics is not a basis to limit the scope of the claims under cases like GE Lighting and liable flarsham, but Centius is also wrong to suggest that the specification doesn't describe any content not for display. There's at least two types of content that the board discusses, namely links, particularly pertinent here, and sound files. Some of the content discussed in the specification is not for display, but even if that weren't true, it wouldn't matter because the independent claims are not limited. The reference to sound content, do I understand that to depend on the notion that sound is not displayed, that display is visual and sound, which is maybe right, but it's not self-evidently right to me? I think it's a slightly different point. I think the point is that the sound file is not displayed, that the content is the sound file. If you play the sound file, is that a display of the sound file? I think that the board's view is that it's not, that the file is not displayed, that there's the little box with the little wavy lines that comes up often when you play the sound file. What if there's no change to the screen? All there is is suddenly the computer starts making noises to you? Playing the sound. I think that that's maybe more of a question for Centius as to whether that counts as display, but possibly not. The board, as you said, relied on the existence of sound files as evidence that there are files that are linked that aren't displayed. For that to be evidence, doesn't one need the conclusion that playing a sound file is not displaying? Yes, so that's what the board found in its opinion. The argument doesn't depend on the sound file issue. There's also the question of links. But again, even if you thought that none of the content in the specification was not for display, the preferred embodiment's characteristics do not limit the scope of the independent claims. I think it's also important to note that Centius conceded at Appendix 442 that Independent Claims 1, 11, and 20 do not display the content. At some point in their brief, they claim that the board's claim construction finding has this additional problem that they've short-formed the display limitation. In fact, the content in Claims 1, 11, and 20 should be understood as being displayed, but just not being displayed in response to a user selection. So that appears in their opening brief and again in their reply brief. And that flatly contradicts what they told the board at Appendix 442 when they said very explicitly that the identified content in Claims 1, 11, and 20 is not displayed. And what the board found at Appendix 15 is that if the content in Claims 1, 11, and 20 is not displayed, then there's no basis for importing a for display limitation. If it isn't displayed, it doesn't need to be for display. So that's fundamentally what the board found. And that construction is correct and this court should affirm. If there are no further questions on the other issues in the case, I respectfully ask that the court affirm the judgment of the board. Mr. Sheffield, you have time. Thank you, Your Honor. I think that you're correct, Your Honor. Our construction of identified content and also linked content is based on the entirety of the specification. And we're not simply relying on language of a dependent claim in making that argument. But I also believe that counsel's argument illustrates a little bit of the additional problem in that the court not only found the identified content was not content for displayed, but also that the linked content, it lumped the two terms together. And that was a distinction with a difference because, again, when they conclude at Appendix 46 regarding the prior art, interchangeably that a posita would interchangeably consider a link and the reference that the material is linked to as one and the same. That conclusion relied on the construction that this is not content for display. The only way you could arrive at invalidity in this scenario with these prior art references, Van Hoff and Rodkin, is to say that the links are content for display. Or, I'm sorry, that the links meet the satisfied claim limitations and the claim limitation didn't require content for display, therefore Van Hoff and Rodkin met it. That's the only way you can conclude that. So this is a very important error that was made here. And it carried over into even dependent claims 5, 15, 39, and 43, which are expressly directed to content that is not a link. And, for example, reference content, a reference work, for example. And the PTAB just concludes that, oh, links, links to reference works and reference works, they're one and the same. They're one and the same. And all of this goes back to the fundamental problem that they just ignore the clear import of the specification as a whole as to what this technology is doing and how it's different from the prior art. And it is a significant difference. If you just store links, you don't get your spellcheck. You just don't. You need to be storing the content for display and syndicating it via the data objects, which in the real world would be your spellcheck dictionaries or whatever other data objects you're using. But you have the content right there from the database so that you can display it instantaneously. You just don't get there with Rodkin and Van Hoff. You never could. And this is the fundamental injustice that we're here to rectify. Thank you.